IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LADERIAN T. McGHEE,

                Plaintiff,                           ORDER

   v.

                                                  09-cv-722-slc

ANTHONY ASHWORTH and
JASON RHODE,

                Defendants.

---

Plaintiff Laderian McGhee is proceeding on an Eighth Amendment claim that defendant Jason Rhode performed an unlawfully invasive search, and on his First Amendment claim that defendant Anthony Ashworth retaliated against plaintiff for filing a grievance against Rhode regarding the search. Now before the court is plaintiff's motion to compel discovery, dkt. 24.

Plaintiff seeks to compel defendant Ashworth to provide detailed accounts of his conversations with defendant Rhode and with plaintiff's cellmate. Defendants object that this information is confidential and would adversely affect the security of the institution. Plaintiff he seeks to compel defendant Rhode to provide the content of his conversation with defendant Ashworth. Defendants object that this information is confidential.

Defendants have submitted this information *in camera.* After viewing the material, I am declining to order it disclosed to plaintiff at this time. Plaintiff is correct that prior statements of event witnesses ordinarily are discoverable in civil litigation, even if those statements are not actually admissible at trial (because they usually are hearsay). In this case, however, I conclude that the correctional institution has legitimate security concerns that weigh against disclosure of the report in which the investigator paraphrases what the witnesses told him.

Plaintiff may seek to obtain *direct* statements from these witnesses/defendants about what they saw and what they heard, which would minimize the danger of plaintiff being left in the dark as to what these witnesses likely will say at trial.  The trial judge will have access to the confidential report that sets forth the prior statements of these witnesses.  In the event that a witness testifies–either in a summary judgment motion affidavit or at trial–in contradiction to what is reported, the court at that time can determine how to handle the matter under the evidentiary rules that govern prior inconsistent statements of witnesses.  Similarly, if a witness claims not to recall something that he reported to the investigator, the court will be in a position to determine how to refresh the witness's recollection in the fairest manner under the circumstances.  This eliminates the danger of the witnesses forgetting or changing their stories.

ORDER

IT IS ORDERED that plaintiff's motion to compel discovery dkt. 24, is DENIED.

Entered this 16th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2